**GLOBAL LEGAL LAW FIRM**
James C. Huber, Esq. (SBN 269488)
jhuber@attorneygl.com
Bryce M. Van De Moere, Esq. (SBN 201752)
bvandemoere@attorneygl.com
322 Encinitas Blvd, Suite 200
Encinitas, CA 92024
Telephone: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Plaintiff,
SLD Ecommerce, LLC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SLD Ecommerce, LLC.**, dba Bloom and Bond, a Wyoming limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PNC BANK, N.A.,** a Pennsylvania Bank, **SHOPIFY, INC.**, a Canadian Corporation, **STRIPE, INC.**, a Delaware Corporation, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **BREACH OF CONTRACT**<br>2. **NEGLIGENCE;**<br>3. **NEGLIGENT MISREPRESENTATION;**<br>4. **BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING;**<br>5. **TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS**<br>6. **TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS**<br>7. **DECLARATORY JUDGMENT**<br>8. **INJUNCTIVE RELIEF** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, SLD Ecommerce, LLC., (hereinafter, "SLD Ecommerce") submits this Complaint against Defendant, PNC Bank, Shopify Payments, Inc. (hereinafter, "Shopify") and DOES 1 through 5 inclusive (hereinafter, the "Doe Defendants", and collectively with PNC Bank as the "Defendants" and with SLD Ecommerce as the "Parties") and allege as follows:

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

**PARTIES**

1. Plaintiff SLD Ecommerce is incorporated under the laws of the State of Wyoming and maintains its principal place of business at 30 N Gould St, Ste R, Sheridan, WY 82801.

2. Defendant, PNC Bank, is incorporated under the laws of Pennsylvania and maintains its principal place of business at 300 Fifth Avenue, Pittsburgh, PA 15222.

3. Defendant, Shopify, is incorporated under the laws of California and maintains its principal place of business at 750 New Montgomery St, Suite 33, San Francisco, CA 94105.

4. Defendant, Stripe, is incorporated under the laws of California and maintains its principal place of business at 354 Oyster Point Blvd, South San Francisco, CA 94080.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant named herein as Does 1 through 5, inclusive, are unknown to SLD Ecommerce at this time, who therefore sue the Doe Defendants by such fictitious names. SLD Ecommerce will amend this Complaint to reflect the true names and capacities of these Doe Defendants once this information has been ascertained. Each Doe Defendant is in some manner responsible, liable, and/or obligated to SLD Ecommerce in connection with the occurrences, transactions, and obligations alleged herein.

6. Each named Defendant and Doe Defendant is, and at all relevant times has been, the undisclosed employee and/or agent of each and every other Defendant and Doe Defendant and was acting within the purpose and scope of that employment and/or agency in performing the acts and omissions alleged herein. SLD Ecommerce is also informed and believes, and on that basis alleges, that each Defendant and Doe Defendant ratified, approved, and adopted as its own the acts of each of the other Defendants and Doe Defendants.

2
COMPLAINT FOR DAMAGES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

## JURISDICTION AND VENUE

7.     SLD Ecommerce is a citizen of Wyoming.

8.     PNC Bank is a citizen of Pennsylvania.

9.     Shopify is a citizen of California.

10.    Stripe is a citizen of California.

11.    Venue is proper in the United States District Court for the Northern District of California pursuant to 28 USC 1391(b)(1) because Defendants, Shopify and Stripe, are residents of this district and a substantial part of the events and omissions giving rise to SLD Ecommerce's claims occurred here.

12.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.    This Court has personal jurisdiction over PNC Bank because it purposefully availed itself of the privilege of conducting business in California by processing transactions in this District.

14.    This Court has personal jurisdiction over Shopify and Stripe because both entities maintain their principal place of business in this district.

## FACTUAL ALLEGATIONS

### A. General Background on the Electronic Payments Industry

15.    The Parties conduct business activity in what is known as the "payment processing industry," which provides credit card and debit card transaction processing services to small and medium-sized businesses commonly referred to as "merchants." In its simplest terms, the payment card system may be thought of as a chain of service providers, each playing a unique role in the payment transaction and adding a cost to the transaction for that role. These transactions work in tandem to facilitate a consumer's purchase of goods or services from a merchant using a credit or debit card.

16.    To accept card payments, merchants, like SLD Ecommerce, must first open an account for payment processing services with a payment processer ("Payment

COMPLAINT FOR DAMAGES

Processor") and a member bank ("Acquirer") that is contracted with the payment card brands such as Visa USA, Inc., Mastercard International, Inc., Discover Financial Services, LLC, American Express, and/or other networks (collectively the "Card Brands"). Such Acquirers have direct agreements with the Card Brands that enable them to process payments made by holders of debit and credit cards issued by the Card Brands to purchase goods and services from merchants that contract directly with such Acquirers for merchant processing services.  This process is called "Acquiring."

17.     Illegal Transactions, as defined by Mastercard, are any activity violating applicable law, including but not limited to internet gambling, selling counterfeit/pirated goods, fraudulent presentment, unauthorized use of card data, or business practices deemed to damage the brand's goodwill, such as unfair debt network routing or money laundering.

**B. <u>Background as Pertains to the Parties and the Merchant Processing Agreement</u>**

18.     Plaintiff, SLD Ecommerce, LLC, does business under the brand "Bloom and Bond," which sells cosmetics, supplements, and related consumer products through an online subscription-based model.

19.     Defendant PNC Bank served as the acquiring bank for the transactions processed through Shopify Payments and was responsible for reporting merchant activity to Mastercard, including any MATCH submissions.

20.     Defendant Shopify Payments, Inc., provided the payment processing platform and facilitated the acceptance of card payments on behalf of SLD Ecommerce.

21.     Defendant Stripe, Inc. provided payment processing, risk monitoring, transaction evaluation, and fraud-detection services in connection with Shopify Payments, including the transmission of merchant activity data to acquiring banks and Card Brands."

22.     Stripe operates the transaction-level processing environment through

4

which Plaintiff's card payments were authorized, settled, reviewed, and flagged, and Stripe maintained access to detailed transaction data, dispute data, chargeback metrics, and merchant performance information for SLD Ecommerce's account.

23.     As part of its role in the Shopify Payments ecosystem, Stripe generated, evaluated, and/or transmitted risk signals, alerts, summaries, or merchant activity data that were relied upon by Shopify Payments and the acquiring bank, PNC Bank, in assessing Plaintiff's compliance with Mastercard Rules and determining whether adverse action was warranted.

24.     SLD Ecommerce entered into Shopify's Terms of Service and payment processing agreement on or about April 28, 2025, pursuant to which Shopify agreed to process transactions, remit funds, and comply with applicable Card Brand Rules. *See the Shopify Payments Agreement attached hereto as Exhibit "A".*

25.     PNC Bank served as the acquiring bank for SLD Ecommerce Shopify Payments transactions and was responsible for reporting SLD Ecommerce merchant activity to Mastercard.

26.     From April through October 2025, SLD Ecommerce consistently maintained dispute ratios well below Mastercard risk thresholds, including those applicable under Mastercard's Global Risk Investigation Program.

27.     SLD Ecommerce's Mastercard dispute rate remained approximately 0.07 percent during the ninety days preceding Defendants' adverse actions—far below the one-percent threshold associated with elevated risk.

28. The limited disputes that did occur were primarily associated with the PayPal wallet transactions for international orders and were not indicative of fraud, invalid transactions, or improper merchant conduct.

29.     SLD Ecommerce maintained accurate merchant descriptors, including "Bloom and Bond," provided complete shipment tracking, and submitted only valid and authorized transactions.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

30.     On or about October 30, 2025, Shopify notified Plaintiff that Mastercard had allegedly identified violations of Mastercard Rules 5.5.1 and 5.13.

31.     Upon information and belief, the information provided or made available by Stripe to Shopify Payments and PNC Bank included data or conclusions suggesting alleged violations of Mastercard Rules 5.5.1 and 5.13, despite SLD Ecommerce's actual dispute ratios remaining well below applicable Mastercard risk thresholds.

32.     Neither Stripe, Shopify nor PNC Bank identified any specific transaction, chargeback, customer complaint, pattern of conduct, or factual basis supporting these allegations.

33.     On or about November 6, 2025, PNC Bank placed SLD Ecommerce on the Mastercard MATCH list under a reason code for illegal transactions, despite having no verified factual basis for such a designation.

34.     PNC Bank conducted no independent investigation, failed to review transaction-level data, and relied on unverified information transmitted through Shopify and Stripe.

35.     Stripe knew or should have known that inaccurate, incomplete, or unverified merchant-risk data would be relied upon by Shopify Payments and PNC Bank in making MATCH reporting decisions and in withholding merchant funds, and that such actions would foreseeably result in industry-wide exclusion from payment processing.

36.     At all relevant times, Stripe acted in concert with, and as a material participant in, the payment processing, risk evaluation, and reporting activities undertaken by Shopify Payments and PNC Bank with respect to Plaintiff's merchant account.

37.     PNC Bank is withholding approximately $175,000 of SLD Ecommerce's funds, and Shopify is withholding approximately $317,628.50 in additional funds.

38.     Defendants' conduct caused SLD Ecommerce to suffer lost revenue, lost subscribers, reputational harm, and substantial financial losses.

6

COMPLAINT FOR DAMAGES

**COUNT I- BREACH OF CONTRACT**

**(Against Defendants)**

39. SLD Ecommerce incorporates by reference the preceding paragraphs as though fully set forth herein.

40. On or around January 21, 2025, SLD Ecommerce entered into a valid and enforceable Terms of Service Agreement with Defendant Shopify. Under that Agreement, Shopify agreed to serve as SLD Ecommerce's payment platform, accurately process transactions, report accurate merchant data to the acquiring bank, comply with all Card Brand Rules, and remit funds to SLD Ecommerce's account minus applicable refunds, chargebacks, and fees.

41. Under the Agreement, the Card Brand Rules, including the Mastercard Rules, were expressly incorporated by reference into the payment processing relationship and therefore constitute binding contractual obligations."

42. SLD Ecommerce is informed and believes that PNC Bank, as the acquiring bank for the transactions processed through Shopify Payments, was bound by the Mastercard Rules and settlement obligations incorporated into the relationship between the parties.

43. These obligations included the duty to report merchant activity, the duty to accurately refrain from submitting false or unverified MATCH reports, the duty to evaluate merchant activity in accordance with Mastercard's risk protocols, the duty to conduct a reasonable review before filing adverse reports, and the duty to remit funds unless a proper contractual basis for withholding existed.

44. SLD Ecommerce entirely performed all obligations required under the Agreement. SLD Ecommerce operated with exceptionally low dispute ratios, maintained complete tracking and delivery confirmation for all shipments, remained far below all Mastercard risk thresholds, and submitted only valid and authorized transactions.

45. Despite SLD Ecommerce's full performance, Shopify failed to uphold its

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

contractual obligations.

46.   SLD Ecommerce is informed and believes that Shopify provided incorrect or incomplete information regarding SLD Ecommerce's merchant activity to PNC Bank and Mastercard; failed to identify or disclose the specific transactions allegedly violating Mastercard Rules; and was unable to conduct any reasonable internal review when Plaintiff requested clarification.

47.   Shopify's submission of inaccurate or unverified information created a false impression of elevated risk and directly contributed to Plaintiff's placement on the MATCH list.

48.   Moreover, PNC Bank also failed to uphold its contractual obligations.

49.   SLD Ecommerce is informed and believes that PNC Bank relied on unverified information transmitted through Shopify, failed to conduct an independent investigation, and submitted a MATCH report identifying SLD Ecommerce as engaging in illegal transactions despite having no factual basis for such a designation.

50.   PNC Bank failed to request transaction-level data from SLD Ecommerce, was unable to evaluate SLD Ecommerce's actual dispute metrics, and failed to identify any conduct that satisfied a defined MATCH reason code or any valid discretionary basis.

51.   PNC Bank further breached its obligations by withholding approximately one hundred seventy-five thousand dollars ($175,000) of SLD Ecommerce's funds without a contractual basis to do so and by allowing Mastercard to impose two $25,000 fines based solely on incorrect or unverified information. These actions were contrary to the terms governing the processing relationship and contrary to the settlement and reporting obligations incorporated by reference through the Mastercard Rules.

52.   As a direct and proximate result of Stripe, Shopify's, and PNC Bank's breaches, SLD Ecommerce was wrongfully placed on the Mastercard MATCH list, effectively barring SLD Ecommerce from obtaining payment processing services.

53.   SLD Ecommerce suffered immediate and severe business disruption, lost

8

COMPLAINT FOR DAMAGES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

revenue, and lost subscribers, reputational harm, and substantial financial losses.

54. SLD Ecommerce has been damaged in an amount to be proven at trial.

Wherefore, SLD Ecommerce respectfully requests that the Court enter judgment in its favor and award damages, interest, costs, and such further relief as the Court deems just and proper.

## COUNT II– NEGLIGENCE

### (Against All Defendants)

55. SLD Ecommerce realleges and incorporates paragraphs 1 through 54 as though fully set forth herein.

56. PNC Bank and Shopify owed SLD Ecommerce a duty to exercise reasonable care in reviewing, evaluating, and reporting merchant activity to Mastercard. This duty included the obligation to accurately assess transactions, dispute activity, and merchant performance in accordance with applicable Card Brand Rules, industry standards, and the information available to PNC Bank as the acquiring bank.

57. PNC Bank and Shopify further owed a duty to refrain from transmitting false, incomplete, or misleading information to Mastercard, and to ensure that accurate data and reasonable investigation supported any MATCH reporting.

58. In addition to any contractual obligations, PNC Bank owed SLD Ecommerce an independent duty of care arising from its role as an acquiring bank and its responsibilities under the Mastercard MATCH system. Acquiring banks are required to accurately review, verify, and report merchant activity before submitting information to Mastercard, and to ensure that factual data, a reasonable investigation, and compliance with Card Brand rules and industry standards support any MATCH filings.

59. These duties exist separately and apart from any contractual relationship because MATCH reporting carries industry-wide consequences, affects a merchant's ability to obtain payment processing from all providers, and is entrusted solely to the acquiring bank's control. The failure to exercise due care in MATCH reporting

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

9

constitutes a breach of these independent duties regardless of the terms of any agreement between the parties.

60.    PNC Bank breached these duties by failing to conduct a reasonable or adequate review of SLD Ecommerce's merchant activity before submitting information to Mastercard.

61.    Despite SLD Ecommerce maintaining exceptionally low Mastercard dispute ratios, far below the Global Risk Investigation Program thresholds, PNC Bank reported alleged violations of Sections 5.5.1 and 5.13 of the Mastercard Rules without identifying any specific transaction that violated those standards.

62.    Specifically, PNC Bank submitted information alleging improper disclosures and invalid transactions, even though SLD Ecommerce's actual performance data contradicted those claims.

63.    PNC Bank further breached its duty by relying on incorrect or incomplete information, failing to verify the accuracy of the allegations transmitted to Mastercard, and placing SLD Ecommerce on the MATCH list under the reason code for illegal transactions without a factual basis.

64.     PNC Bank also failed to provide SLD Ecommerce with an adequate explanation of the transactions allegedly triggered the violations, and they did not conduct a reasonable internal review after SLD Ecommerce requested clarification and suspension of enforcement.

65.    At all relevant times, Stripe owed Plaintiff a duty to exercise reasonable care in generating, evaluating, and transmitting merchant-risk, transaction, and performance data within the Shopify Payments processing environment, and Stripe breached that duty by providing inaccurate, incomplete, or unverified information that foreseeably contributed to Plaintiff's improper MATCH placement and resulting damages.

66.    As a direct and proximate result of PNC Bank's negligence, SLD Ecommerce was improperly placed on the Mastercard MATCH list and subjected to

COMPLAINT FOR DAMAGES

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

fines totaling $50,000.

67.   Placement on MATCH barred SLD Ecommerce from obtaining payment processing services, causing immediate and severe business disruption, including loss of revenue, subscriber losses, reputational harm, and significant financial losses.

68.    PNC Bank's actions also resulted in the withholding of approximately $175,000 in funds and substantial operational interruption.

69.   SLD Ecommerce has suffered damages as a direct and proximate result of PNC Bank's and Shopify's negligent conduct, and is entitled to recover all compensatory damages permitted by law.

## COUNT III – NEGLIGENT MISREPRESENTATION

70.   SLD Ecommerce realleges and incorporates paragraphs 1 through 69 as though fully set forth herein.

71.   PNC Bank represented to Mastercard that SLD Ecommerce violated Mastercard Rules 5.5.1 and 5.13.

72.   These representations were false and were made without exercising reasonable care to ensure their accuracy.

73.   PNC Bank's negligent misrepresentations resulted in SLD Ecommerce being placed on the MATCH list and fined by Mastercard.

74.   SLD Ecommerce reasonably relied on PNC Bank to accurately handle and report its transaction information to Mastercard, and SLD Ecommerce was damaged as a result of this reliance.

75.   Stripe supplied or made available merchant-activity data, risk indicators, or compliance assessments concerning Plaintiff without exercising reasonable care as to their accuracy, and such information was relied upon by Shopify Payments and PNC Bank in making adverse reporting and enforcement decisions that caused Plaintiff harm.

///

///

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

11

## COUNT IV- BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

76.   SLD Ecommerce realleges and incorporates paragraphs 1 through 75 as though fully set forth herein.

77.   Pennsylvania law implies a duty of good faith and fair dealing in every contract, including the Agreement.

78.   Shopify acted in bad faith by relying on incorrect or incomplete information, failing to verify factual accuracy, failing to consider SLD Ecommerce's exceptional performance metrics, and suspending SLD Ecommerce in an arbitrary and unreasonable manner.

79.   Shopify further acted in bad faith by refusing to provide an adequate explanation, failing to correct known errors, and disregarding SLD Ecommerce's request for an internal review prior to termination.

80.   Shopify's conduct deprived SLD Ecommerce of the benefits of its contract and caused substantial business and financial harm.

## COUNT V – TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS
### (Against PNC Bank)

81.   SLD Ecommerce realleges and incorporates paragraphs 1 through 80 as though fully set forth herein.

82.   SLD Ecommerce maintains tens of thousands of ongoing subscription-based customer relationships.

83.   PNC Bank knew that reporting SLD Ecommerce to MATCH would disrupt SLD E-commerce's ability to maintain customer contracts and process recurring payments.

84.   Stripe knew or should have known that providing inaccurate or unsupported merchant-risk information within the Shopify Payments ecosystem would disrupt Plaintiff's existing subscription relationships and prospective business

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

opportunities, and Stripe's conduct was a substantial factor in causing that interference.

85.    PNC Bank's actions interfered with SLD Ecommerce's existing contracts and prospective economic relationships.

86.    As a result, SLD Ecommerce suffered lost customers, lost revenue, and long-term damage to its business model.

## COUNT VI – TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

### (Against Defendants)

87.    SLD Ecommerce realleges and incorporates paragraphs 1 through 86 as though fully set forth herein.

88.    SLD Ecommerce maintains tens of thousands of active subscribers and ongoing business relationships dependent on the ability to process recurring transactions.

89.    Shopify and PNC Bank knew that the suspension of SLD Ecommerce's account and the reporting of alleged Mastercard rule violations would disrupt SLD Ecommerce's ability to conduct business.

90.    Shopify's actions intentionally, knowingly, or recklessly interfered with SLD Ecommerce's existing subscription relationships and prospective customers.

91.    Shopify's and PNC Bank's conduct directly resulted in lost subscribers, lost sales, and long-term damage to SLD Ecommerce's business model.

## COUNT VII – DECLARATOR RELIEF

### (Against Shopify)

92.    SLD Ecommerce realleges and incorporates paragraphs 1 through 91 as though fully set forth herein.

93.    An actual controversy exists concerning whether SLD Ecommerce violated Mastercard Rules 5.5.1 and 5.13, and whether Shopify was contractually or legally justified in suspending SLD Ecommerce.

13

COMPLAINT FOR DAMAGES

94. SLD Ecommerce seeks a judicial declaration that SLD Ecommerce did not commit any Mastercard violations and Shopify's actions were improper and without a contractual basis.

## COUNT VIII – INJUNCTIVE RELIEF

### (Against Defendants)

95. SLD Ecommerce realleges and incorporates paragraphs 1 through 94 as though fully set forth herein.

96. SLD Ecommerce seeks injunctive relief requiring Shopify to correct inaccurate reporting, reverse or withdraw any MATCH-related reporting, reinstate SLD Ecommerce's ability to process transactions, and refrain from further dissemination of inaccurate rule violation allegations.

97. SLD Ecommerce seeks injunctive relief requiring PNC Bank to rescind the MATCH placement.

98. SLD Ecommerce will suffer irreparable harm without such relief because of its subscription-based business depends on uninterrupted payment processing and continued customer retention.

## REQUEST FOR RELIEF

WHEREFORE, SLD ECOMMERCE, LLC demands judgment against Defendants as follows:

A. Compensatory damages in an amount to be proven at trial

B. Consequential and incidental damages

D. Restitution of all fines imposed as a result of PNC's reporting

E. Injunctive relief directing correction of reporting and MATCH removal

F. Declaratory relief as set forth above

G. Attorneys' fees and costs as permitted by statute

H. Pre and post-judgment interest

I. Any other relief the Court deems just and proper.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

COMPLAINT FOR DAMAGES

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests a trial by jury on all claims set forth in this Complaint.

Dated:  March 25, 2026                              **GLOBAL LEGAL LAW FIRM**

By: _____

James C. Huber
Bryce M. Van De Moere
Attorneys for Plaintiff,
SLD Ecommerce, LLC.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

15
COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

I, BRYCE VAN DE MOERE, hereby certify that on March 11, 2026, I caused to be electronically filed PLAINTIFF'S COMPLAINT with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

Dated:  March 11, 2026

GLOBAL LEGAL LAW FIRM

By: _____
James C. Huber
Bryce M. Van De Moere
Attorneys for Plaintiff,
SLD Ecommerce, LLC

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

1
CERTIFICATE OF SERVICE