UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SLD ECOMMERCE, LLC,

Plaintiff,

v.

PNC BANK, N.A., et al.,

Defendants.

Case No. 26-cv-02631-TSH

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On March 26, 2026, Plaintiff SLD Ecommerce, LLC ("SLD") filed suit against Defendants PNC Bank, N.A. ("PNC"), Shopify, Inc. ("Shopify"), and Stripe, Inc. ("Stripe"), alleging claims for: (1) Breach of Contract; (2) Negligence; (3) Negligent Misrepresentation; (4) Breach of the Implied Duty of Good Faith and Fair Dealing; (5) Tortious Interference with Existing Business Relationships; (6) Tortious Interference with Existing and Prospective Business Relationships; (7) Declaratory Judgment; and (8) Injunctive Relief. Compl. at 1 (ECF No. 1). SLD asserts that the Court has jurisdiction over its claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 3. On June 17, 20226, SLD dismissed Shopify without prejudice. ECF No. 27.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v.*

*Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."  *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. § 1332(a)(1)–(2).

Here, there is no federal question jurisdiction because SLD's claims all arise under state law.  *See* Compl. at 1.  In the Complaint, SLD avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  *Id.* at 3.  SLD alleges that it "is incorporated under the laws of the State of Wyoming and maintains its principal place of business at 30 N Gould St, Ste R, Sheridan, WY 82801."  *Id.* at 2.  SLD further alleges that complete diversity exists because SLD "is a citizen of Wyoming," PNC "is a citizen of Pennsylvania," Shopify "is a citizen of California," and Stripe "is a citizen of California."  *Id.* at 3.  As the party asserting diversity jurisdiction, SLD bears the burden of proving that diversity jurisdiction exists.  *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted).  "Generally, LLC's are citizens of every state in which their owners/members are citizens."  *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, No. 13-cv-2772-JSC, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up).  Thus, SLD's citizenship depends on the citizenship of its members and owners.  However, SLD has failed to include any allegations as to the citizenship of its members and owners.

Accordingly, SLD is **ORDERED TO SHOW CAUSE** as to the citizenship of any members or owners of SLD Ecommerce, LLC.  SLD shall file a written response to this Order by

United States District Court
Northern District of California

2

June 25, 2026. Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California